UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,,                                    Criminal No. 14-07(1) (DWF/JSM)

          Plaintiff,

v.                                                            **ORDER AND MEMORANDUM**

Moneer June Khazraeinazmpour,

          Defendant.

This matter is before the Court on Defendant's objection to the Government's request to confiscate the funds that are in Defendant's Inmate Trust Account to be applied to the restitution owed by Defendant in the amount of $320,217.19 minus the amounts paid thus far by the Defendant (approximately $275).  (*See* Doc. Nos. 129, 131, 132, 133.)  The Government has filed a Response to Defendant's Motion Objecting to Confiscation of Funds in Inmate Trust Fund.  (Doc. No. 135.)

Based upon the presentations of the parties, the Court having reviewed the contents of the file, including not only the procedural history, but all of the submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

For the reasons stated in the memorandum below, the Court directs that the Federal Bureau of Prisons transfer or otherwise turn over $5,500 from Defendant's Inmate Trust Account to the Clerk of Court, United States District Court for the District of Minnesota, leaving for Defendant the approximate amount of $300.

Dated:  September 11, 2015           s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

## MEMORANDUM

On June 9, 2014, the Court sentenced Defendant to a total of 60 months imprisonment and 5 years of supervised release.  At that time, the Court also ordered Defendant to pay $320,217.19 in restitution and a $200 special assessment.  As of the end of July 2015, Defendant had paid the special assessment and $275 toward her restitution. The current balance for restitution as of the end of July 2015 was $320.167.19. Defendant's scheduled release date from federal custody is May 2017.

The Court has been informed by the United States Attorney's Office, who was informed by the Federal Bureau of Prisons ("BOP"), and as the contents of the file indicate in this matter, that Defendant had substantial funds in her Inmate Trust Account, the amount being approximately $5,897.26.  As observed by the Government, 18 U.S.C. § 3613 sets forth the procedures for the Government to enforce criminal monetary penalties, including restitution.  *See* 18 U.S.C. §§ 3613(a) and 3613(f).  Specifically, the statute provides that a sentence imposing restitution constitutes a lien in favor of the

Government against all of a defendant's property and rights to property. 18 U.S.C. § 3613(c). Consequently, the Government's lien attaches to Defendant's interest in funds held by the BOP in her Inmate Trust Account. Moreover, pursuant to the Crime Victims Rights Act, the victim of a defendant's crime is entitled to full and timely restitution. 18 U.S.C. § 3771(a)(6). Significantly, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.*, which also applies to Defendant here, requires that a defendant's resources received from any source during a defendant's term of incarceration must be applied to their outstanding restitution obligation. Specifically, 18 U.S.C. § 3664(n) provides the procedures for the imposition and enforcement of restitution as follows:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n).

There are no exemptions that apply to Defendant's Inmate Trust Account. 18 U.S.C. § 3613(a)(1).

Currently, Defendant has family ties with her family in Minnesota, including her relationships with her children, all of which are part of rehabilitation and transitioning back to society upon completion of her sentence. Defendant is also participating in a Residential Drug Abuse Program ("RDAP") as well as pursuing some other vocational programming and parenting classes.

The Court has concluded that in order to continue the rehabilitation and to have some minimal funds available for communication with her family, the Court, in its discretion, will leave the remainder of an amount between $300 and $400 for that purpose once the $5,500 is applied to restitution. For the reasons stated above, the Court has granted the Government's request to confiscate the funds in Defendant's Inmate Trust Account.

D.W.F.